| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| UNITED STATES OF AMERICA, | MEMORANDUM |
| Plaintiff, | AND ORDER |
| - versus - | 05-CR-00332 |
| JEFFREY SCHONSKY, | |
| Defendant. | |

A P P E A R A N C E S:

    KELLY T. CURRIE
        ACTING UNITED STATES ATTORNEY
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201
    By:   James McMahon
        Seth L. Levine
        *Attorneys for Plaintiff*

    JEFFREY SCHONSKY
        65-20 Booth Street
        Apartment 3L
        Rego Park, NY 11374
        *Pro Se Defendant*

The defendant Jeffrey Schonsky has written an undated letter (DE 12) asking me to seal his case. On April 27, 2005, he pled guilty to one count of attempt of conspiring to commit mail fraud. On July 7, 2006, I sentenced him to three years' probation, two-hundred hours of community service and restitution of $1,000. He now asks that the public record of his conviction be sealed because it is having adverse consequences on his ability to work in the insurance industry. Schonsky asserts that sealing his record will help him put this chapter of his life behind him. For the reasons that follow, the application is denied.

DISCUSSION

District courts in this and certain other circuits have ancillary jurisdiction over applications for orders expunging convictions.[1] *See United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004); *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985); *Allen v. Webster*, 742 F.2d 153, 154-155 (4th Cir. 1984); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) *cert. denied,* 435 U.S. 907 (1978); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975). "Expungement, however, lies within the equitable discretion of the court, and relief usually is granted only in extreme circumstances" after examining it "individually on its merits to determine the proper balancing of the equities." *Schnitzer*, 567 F.2d at 539-40. Those equities include the individual's privacy rights and law enforcement's interest in maintaining criminal records. *Id.*; *United States v. Doe*, No. 71-CR-892 (CBM), 2004 WL 1124687, at *2 (S.D.N.Y. May 20, 2004).

Schonsky seeks the expungement of a valid conviction, not a suspect arrest, and "courts have rarely granted motions to expunge arrest records, let alone conviction records." *United States v. Sherman*, 782 F. Supp. 866, 868 (S.D.N.Y. 1991); *see also United States v. McFadzean*, No. 93-CV-25 (CSH), 1999 WL 993641, at *3 (S.D.N.Y. Nov. 2, 2009) (expungement "is not commonly granted even in cases in which the defendant was acquitted of the charges, much less where the defendant has been convicted by a jury or pleaded guilty").

Schonsky's circumstances do not warrant expungement of his conviction. It does appear that he has moved past the criminal chapter of his life, which he attributes to having been a "very stupid young man." DE 12. He now has a family and appears to be leading a more productive life, working in the insurance field. But his conviction is less than ten years old. And

---

[1] *See generally Doe v. United States*, No. 14-MC-1412 (JG), 2015 WL _____, DE 9 at 10 & n.16 (E.D.N.Y. May 21, 2015).

though it causes him great professional embarrassment, it does not appear to have prevented him from maintaining employment.  Finally, Schonsky was a main participant in the fraudulent scheme that gave rise to his conviction, and there is a legitimate law enforcement interest in maintaining a public record of the crime.  While I understand his desire that "it would just disappear[,]" that desire does not outweigh the public's interest in maintaining such records.

CONCLUSION

The motion to seal or expunge is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 21, 2015
　　　　Brooklyn, New York